By sec. 9, ch. 5, Laws 1762, the Legislature have enacted that "Every guardian shall annually exhibit his account and state of the profits and disbursements of the estate of such orphan, upon oath." By section 10 of the same act they have further enacted that "Where the profits of an orphan's estate shall be more than sufficient to maintain and educate him or her, the guardian of such orphan shall lend the surplus, and all other sums of money in his hands belonging to such orphan, upon bond with sufficient securities, to be approved by the next succeeding court, and to be repaid with interest, which interest such guardian shall account for annually."
The question arising on the construction of the foregoing sections, is whether the guardian is accountable for interest on the accumulated balance of principal and interest annually, after deducting the necessary expenses of his ward. A majority of the Court are of opinion that he is, because, independently of the just claim of the ward to have the excess of the profits of his estate converted into an active fund, and of the injustice of permitting the guardian to retain the money of his ward in his own hands, making gains for himself, the act has expressly required him to account for the interest annually. By this we understand that the guardian is not only bound to exhibit the amount of interest which accrues on the debts due his ward, in his annual account, but he is bound to bring such interest into his account, debiting himself with the amount thereof and forming a part of the aggregate amount on which the succeeding accumulation of interest is to be estimated. Should the debtors of the ward neglect or refuse to pay the interest due on their bonds at the expiration of the year, the guardian is bound, within a reasonable time, to coerce the payment of the principal and interest, and, when recovered, to lend the same to some more punctual person.
(232) It was not intended to place such a construction on the act as will, at all events, compel the guardian to account for and pay interest on the balance of principal and interest at the expiration of each *Page 179 
year. We only lay it down, on the general principal resulting from the just and necessary construction of the act, that he shall be chargeable with the interest annually, unless he shows to the satisfaction of the court such equitable circumstances as ought, in conscience, to acquit him of his accountability for such interest.
SEAWELL, J., and TAYLOR, C. J., dissent.
NOTE. — See Ryan v. Blount, 16 N.C. 382. By the act of 1816 (1 Rev. Stat., ch. 54, sec. 13) all bonds, notes, etc., taken by a guardian as such shall bear compound interest. See, on the construction of this act,Wood v. Brownrigg, 14 N.C. 430, which decides that a guardian can recover compound interest on such bond no longer than until his ward comes of age.
Cited: Hodge v. Hawkins, 21 N.C. 566; Spack v. Long, 36 N.C. 427.